UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES B. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV149 LMB |
| | ) | |
| WILLIAM STRANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Charles Anderson (registration no. 189041), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.50. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $17.50, and an average monthly balance of $2.54. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are William Strange (Superintendent, Southeast Correctional Center "SECC"), J. Braul (Correctional Officer, SECC), Kirk Pueppke (Supervisor, SECC), D. Willison (Correctional Officer, SECC), and J.R. Price (unknown, SECC).

Plaintiff alleges that on July 16, 2009, defendant Braul conducted a search of his cell. Plaintiff says that defendant Willison was present as well. Plaintiff claims that, during the search, defendant Pueppke entered the area where plaintiff was and ordered plaintiff to stay at least twenty feet from the cell. Plaintiff states that Pueppke then "blurted out, 'who's money was it?'" Plaintiff maintains that Pueppke did not know at that moment that "Braul had not found the money yet, which was found two minutes [later]." Plaintiff further alleges, in a conclusory fashion, that defendants engaged in a conspiracy to deprive him of his rights.

Plaintiff contends that his constitutional rights were further violated because he was placed in administrative segregation for thirty days for violating the rule against possessing money.

**Discussion**

Plaintiff does not allege any facts showing that money the officers found in his cell was not his. He does not deny it. And he does not allege that the officers placed

the money in the cell. As a result, plaintiff has failed to allege facts showing more than a mere possibility of misconduct, and the allegations regarding a conspiracy fail to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1950-51.

An inmate who makes a due process challenge to his placement in administrative segregation must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell). As a result, the allegations relating to plaintiff's placement in administrative segregation fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of October, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE