UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHARLES B. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV149 LMB |
| | ) | |
| WILLIAM STRANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to file an amended complaint. Plaintiff's original complaint was defective and the Court dismissed it under 28 U.S.C. § 1915(e). Plaintiff's amended complaint cures some of the defects in the original complaint. Therefore, the motion to amend will be granted, and the earlier dismissal will be vacated. However, some aspects of plaintiff's amended complaint must be dismissed under 28 U.S.C. § 1915(e) before service of process.

**Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Amended Complaint**

Plaintiff brings suit under 42 U.S.C. § 1983. Named as defendants are J. Graul[1] (Correctional Officer, SECC), Kirk Pueppke (Supervisor, SECC), D. Willison (Correctional Officer, SECC), J.R. Price (SECC), and Unknown SECC Investigator. William Strange, who was named as defendant in the original complaint, is not named in the amended complaint.

Liberally construed, the amended complaint alleges that defendants Graul, Willison, and Pueppke planted money in plaintiff's cell in order to give plaintiff a false conduct violation in retaliation for plaintiff having utilized the grievance process. Plaintiff says he was placed in administrative segregation for thirty days as a result. Plaintiff further says he was denied access to the courts because while he was in administrative segregation he did not have access to legal materials and he was

---

[1] J. Graul was called J. Braul in the original complaint.

unable to file a state habeas corpus petition and direct appeal. There are no specific allegations pertaining to defendants J.R. Price or Unknown SECC Investigator.

## Discussion

Plaintiff's retaliation claims and access to courts claims survive initial review as to defendants Graul, Pueppke, and Willison. As a result, the Court will order the Clerk to serve process on these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants J.R. Price or Unknown SECC Investigator were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although plaintiff claims that these defendants were involved in a conspiracy with the other defendants, these allegations are conclusory and do not contain any facts that would support a conspiracy claim. As a result, the complaint fails to state a claim upon which relief can be granted as to J.R. Price and Unknown Investigator.

An inmate who makes a due process challenge to his placement in administrative segregation must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell). As a result, the allegations relating to plaintiff's placement in administrative segregation fail to state a claim upon which relief can be granted.

Defendant Strange will be dismissed from this action because the amended complaint does not set forth any claims against him. See In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005) (filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Memorandum and Order and Order of Dismissal dated October 4, 2010, are **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to file an amended complaint [Doc. #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall change the name of J. Braul to J. Graul.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Graul, Willison, and Pueppke.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Graul, Willison, and Pueppke shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Strange, Price, or Unknown SECC Investigator because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of November, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE